# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| | NO. 17-92-JWD-EWD |
| TINGHUI XIE, also known as KELLY XIE, also known as KELLY LIU | |

## RULING AND ORDER

This matter comes before the Court on Defendant *Kelly Liu's Opposed Motion for Bail Pending Appeal.* (Doc. 239.) The United States opposes the motion. (Doc. 258.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is denied.

### I.   Relevant Background

Following a thirteen-day jury trial, Defendant Kelly Liu was convicted of one count of conspiracy to commit securities fraud (insider trading) and two counts of security fraud (insider trading).[1] (Doc. 230.) Defendant was given a downward variant sentence of 16 months incarceration on all three counts, to run concurrently. (Docs. 229, 230.) Defendant timely appealed. (Doc. 234.)

### II.   Bond Pending Appeal Generally

Defendant now applies for a bond pending appeal; such applications are governed by 18 U.S.C. 3143(b). *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990); *United States v.*

---

[1] Defendant Liu's co-defendants, Victory Nam Ho and Sammy Russo, were also convicted of conspiracy to commit securities fraud and one count each of securities fraud (insider trading). (Docs. 200, 215.) They do not join in this motion

*Calmes*, No. CR 11-150, 2013 WL 12092235, at *2 (M.D. La. Jan. 30, 2013). This statute provides in relevant part:

> **(b) Release or detention pending appeal by the defendant.–(1)**. . . [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> >
> > > (i) reversal,
> > >
> > > (ii) an order for a new trial,
> > >
> > > (iii) a sentence that does not include a term of imprisonment, or
> > >
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. 3143(b).

According to Fifth Circuit precedent, "[t]o obtain release pending appeal" under this statute, "a convicted defendant must establish four factors:

> (1) that he is not likely to flee or pose a danger to the safety of others;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment."

*Clark*, 917 F.2d at 179 (citing Fed. R. App. P. 9(c); 18 U.S.C. § 3143(b)); *Calmes*, 2013 WL 12092235, at *2 (citing *Clark, supra*.).

Here, the Government agrees that the first two factors are not at issue. (Doc. 258 at 1.) Thus, the Court will focus only on the last two.

### III. Discussion

#### A. Relevant Standard

"The Fifth Circuit has defined a 'substantial question' as (1) a question that is novel, has not been decided by controlling precedent, or which is fairly doubtful, (2) a close question that could be decided the other way, or (3) a question that raises 'a substantial doubt (not merely a fair doubt) as to the outcome of its resolution.' " *Calmes*, 2013 WL 12092235, at *3 (citing *United States v. Brown*, No. 01-004, 2001 WL 812083, at *1 (E.D. La. July 18, 2001) (citing *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023-24 (5th Cir. 1985))). "[W]hether a question is substantial must be determined on a case-by-case basis." *Valera-Elizondo*, 761 F.2d at 1024. Further, "the absence of controlling precedent is only one factor to be considered in the court's determination of whether a defendant's argument has a substantial chance of prevailing." *Id.*

With respect to the fourth factor, "likely" has its "ordinary meaning of 'more probable than not.' " *Valera-Elizondo*, 761 F.2d at 1025. Further, "[i]n considering whether it is more probable than not the Fifth Circuit or the Supreme Court will reverse, order a new trial, or impose no imprisonment or less imprisonment, the Court will consider the standard of review an appellate court would apply to each ruling." *United States v. Barnes*, No. CR 15-61, 2019 WL 201500, at *3 (E.D. La. Jan. 15, 2019) (citing, *inter alia*, *Clark*, 917 F.2d at 180 ("[G]iven that a lower court's denial of a motion to withdraw a guilty plea is reversed only for an abuse of

discretion, we cannot conclude that this allegation of error is so convincing as to indicate that Clark has 'a substantial chance of prevailing' on appeal.") (citations omitted)).

B. Analysis

### 1. Recorded Conversation with Chris Ho

Defendant Liu raises four issues. First, Liu points to a recorded conversation between Chris Ho and a Fidelity Investments representative (Gov. Ex. 49) in which Chris Ho said "Everybody always gets a tip" and how one hears such tips from a "friend of a friend." The Court held that this exchange was not offered to prove the truth of the matter asserted but rather was offered to show Chris Ho's state of mind. (Trial Tr. Day 5 at 15–17, May 4, 2018, Doc. 248.)

Defendant Liu argues that this was inadmissible hearsay, as (1) Chris Ho's state of mind was not at issue and (2) the Government was really trying to prove Kelly Liu's guilt through the existence of a tip, Victory Ho's status as a "tippee", and Kelly Liu's status as a "tipper". (Doc. 239-1 at 6.) Liu maintains that the Government offered this recording to prove the truth of the matter asserted.

In reply, the Government argues that the Defendant cited to no Fifth Circuit law on this issue. Further, the Government contends that Chris Ho's state of mind was addressed in trial briefs—that is, it was circumstantial evidence that "his interest in buying options was related to a tip' from a friend of a friend or company employee such as a janitor. Chris Ho's mention of a tip from an employee supported an inference that Victory Ho's trading was based on such a tip." (Doc. 258.)

In short, the Court rejects Liu's argument. Even assuming that Liu had demonstrated that this issue presented a "substantial question" (which is doubtful), she has not shown that this

4

"substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment." *Clark*, 917 F.2d at 179. The standard of review is again important and worth emphasizing. *See Barnes*, 2019 WL 201500, at *3 (citing *Clark*, 917 F.2d at 180). "The Fifth Circuit 'review[s] the admission of evidence for abuse of discretion and will reverse only if the challenged ruling is erroneous and affects a substantial right of the party.' " *Id.* at *10 (quoting *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)). Here, Defendant Liu has not established that, considering this standard and "high bar," *id.*, it is more probable than not that this substantial question would result in any outcome described in § 3143(b). Without more, Defendant's argument fails, and her motion must be denied.

## 2. Rebecca Wallace's Statements

Defendant Liu next points to the Court's admitting the recorded call between her and her former supervisor, Rebecca Wallace. Defendant argues that the recorded statements of Wallace were hearsay and that no exception applied. Liu also maintains that the prejudicial effect was heightened by the fact that Wallace's words were scripted by the FBI, so the Government was able to have "an extra-judicial cross-examination" of Liu. (Doc. 239-1 at 7.)

The Government responds by highlighting that the Defendant concedes that her own statements were not hearsay and that she did not object to the admissibility of the recordings at trial (but in fact asked that more portions of the tape be played for the sake of completeness). (Trial Tr. Day 4 at 7–8, 13–16, May 3, 2018, Doc. 247.) The Government further urges that the recorded conversation was offered as evidence of Liu's "advance knowledge of the merger." (Doc. 258 at 4.) The Government asserts that Wallace testified for over two hours and was subject to cross examination. Lastly, the Government states that Wallace's recorded statements

were needed to provide context to Liu's statements, which "would have made zero sense to the jury" without them.

Having carefully considered the law and the record, the Court agrees with the Government. The Court finds that Liu has not presented a substantial question on this issue, as the Fifth Circuit has defined that term. *See Calmes*, 2013 WL 12092235, at *3. Further, even if this were a substantial question (which it is not), Liu has not shown that, more probably than not, this substantial question would result in reversal, a new trial, etc. under § 3143(b), either under the abuse of discretion standard described above, *Barnes*, 2019 WL 201500, at *10 (citing *Brunet, supra*), or under the (more likely) plain error standard that would apply given Liu's failure to object, *see, infra*. On these grounds, Defendant's motion is also denied.

### 3. Severance

Third, Defendant Liu argues that the Court's decision not to sever her case from Victory Ho's was a substantial question. In short, the joinder "prevented the jury from making a reliable judgment because it allowed the jury to rely on extremely prejudicial evidence that would have been inadmissible against her at a trial where she was the lone defendant." (Doc. 239-1 at 8.) Defendant asserts:

> To create the inference that Liu disclosed inside information, the Government relied on two pieces of evidence: (1) Christopher Ho's hearsay statement referring to a "tip" from a "friend of a friend"—implying that a "tip" was given—and (2) Victory Ho's failure to state his stock market earnings on his taxes—implying a guilty mindset as to those earnings. Neither piece of evidence would have been admissible against Liu in her own trial. The prejudice is clear; the jury was permitted to rely on evidence solely pertaining to Victory Ho and his brother in order to infer Liu's guilt.

(Doc. 239-1 at 8.) Defendant Liu also maintains that the Court's instructions did not protect her from unfair prejudice. According to Liu, "given the unique facts of this case, the jury could not

6

possibly separate the evidence" because the "jury could not avoid imputing evidence of Victory Ho's guilt onto Kelly Liu." (Doc. 239-1 at 9.)

The Government replies: "Boiled down, the defendant simply re-urges a motion to sever filed by co-defendant Russo, spillover effect, and argues that the jury could not avoid imputing evidence of defendant Ho's guilt onto her." (Doc. 258 at 5.) The Government notes that this issue was "extensively briefed" and that the Court made an oral ruling. (Doc. 258 at 5.) Moreover, the Court gave Fifth Circuit Pattern Instructions throughout the trial on Multiple Defendants – Multiple Counts and Use of Evidence – Multiple Defendants. Lastly, Defendant's central premise is flawed, as the cited evidence would have been admissible in a trial of Liu alone.

In short, the Court again agrees with the Government. Defendant has not shown that this is a "substantial question." The Court gave substantial oral reasons on this issue (*see* Doc. 83), and those reasons demonstrate that this issue was not "novel", undecided by controlling precedent", or "fairly doubtful"; was not "a close question that could be decided the other way"; and it certainly did not raise "a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Calmes*, 2013 WL 12092235, at *3. Further, even assuming there was a substantial question (which there is not), Defendant has not shown, considering the abuse of discretion standard with which the Fifth Circuit would review this issue, *Barnes*, 2019 WL 201500, at *13 (citing *United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012)), that this substantial question "if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment." *Clark*, 917 F.2d at 179. The high bar Defendant faces (which was described in part in the Court's oral reasons) is worth repeating here:

> "[M]erely alleging a spillover effect—whereby the jury imputes the defendant's guilt based on evidence presented against his co-defendants—is an insufficient predicate for a motion to sever. Instead, a defendant must prove that: (1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration."

*Barnes*, 2019 WL 201500, at *13 (quoting *United States v. Reed*, 908 F.3d 102, 114 (5th Cir. 2018)). Without more, Defendant Liu has failed to satisfy the third and fourth element of § 3143(b)).

### 4. The pre-*Allen* Charge

Defendant Liu next argues that there is a substantial question with the *Allen* charge. While the "Court's charge was not coercive, *per se*, the surrounding circumstances created a coercive atmosphere." (Doc. 239-1 at 10.) Defendant specifically asserts:

> After deliberating for nearly four hours, the jury sent a note to the court indicating that they were deadlocked and informing the Court of their numerical division. In response, the Court instructed the jury to: "re-examine your own views and change your opinion if you become persuaded that it is wrong," and to "ask yourself whether you should question the correctness of your present position." Given the jury's awareness of the Court's knowledge as to their numerical division, these instructions indicated that the jurors in the known-minority should reconsider their own present position and side with the majority in order to reach a unanimous verdict. Under these circumstances, the Court's instruction "interfere[d] with the jury by pressuring a minority of the jurors to sacrifice their conscientious scruples for the sake of reaching agreement."

(Doc. 239-1 at 10.)

The Government responds that all parties agreed to the charge, so plain error review applies. Moreover, the Fifth Circuit has cases directly on point that have found no plain error.

Having considered this issue, the Court again finds that there is no substantial question. The Court agrees with the Government that *United States v. Nguyen*, 28 F.3d 477 (5th Cir. 1994) is substantially similar to this case. In *Nguyen*, on the last day of trial, after the jury deliberated for about four hours, the Court informed the parties that it had received a note from the jury

8

indicating that they were hung. *Id.* at 483. The Court also told the parties that the "note revealed the numerical division of the jury. The court sealed the jurors' note and inquired whether either party objected to the giving of a modified *Allen* charge; neither party objected." *Id.* The Court gave the Fifth Circuit Pattern *Allen* charge, and, within an hour, the jury rendered a verdict. *Id*. at 483–84.

After noting that the issue would be reviewed for plain error only because of Defendant's failure to object (or rather, his "affirmiative[] acquiesce[nce] in" the instruction), the Fifth Circuit explained:

> We have also stated that the trial court "is vested with broad discretion to evaluate whether an *Allen* charge is likely to coerce a jury into returning a verdict it would not otherwise return." *Id.* (citing *United States v. Nichols,* 750 F.2d 1260, 1266 (5th Cir.1985)). Moreover, "[t]he fact that the jury contrary to the instructions of the court volunteered to the court the extent of their division and which way they stood is no reason why the court should be precluded from giving an otherwise proper *Allen* charge." *Sanders v. United States,* 415 F.2d 621, 631–32 (5th Cir.1969), *cert. denied,* 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1970) (citation omitted).

*Nguyen*, 28 F.3d 477, 484 (5th Cir. 1994).

The Fifth Circuit concluded that, "In the context of this case, we discern no evidence of a coercive atmosphere sufficient to justify reversal. The trial court's instruction, taken as a whole, did not place undue pressure on the jurors." *Id.* Further, the appellate court said that "[t]he district court reminded the jurors that the modified *Allen* charge formed only a small part of the total body of instructions, the rest of which [defendant] [did] not challenge." *Id.* Lastly, the Fifth Circuit stated: "although the court stressed the importance of reaching a verdict in its final charge, it tempered the remarks with reminders that each juror should remain true to his own conscience." *Id.* Based on this, the Fifth Circuit found no plain error. *Id.*

The Court finds *Nguyen* directly on point. The Court gave a "pre-*Allen*" instruction to the jury (adapted in part from a Ninth Circuit pattern instruction and in part from the parties'

9

requests), and that charge contained substantially similar language to those parts highlighted by *Nguyen*. (Trial Tr. Day 13 at 5–15, May 17, 2018, Doc. 257.) Specifically, the Court's charge included the following:

> I'm going to give you an additional instruction that will hopefully assist you in your deliberations.
> Members of the jury, I'm going to ask you to return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual and often, after further discussion, jurors are able to work out their differences and agree.
> As jurors you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict *if each of you can do so without violating your individual judgment and conscious.* Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.
> During your deliberations you should not hesitate to re-examine your own views and change your opinion if you become persuaded that it is wrong. *However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.*
> *All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict.* Each of you should ask yourself whether you should question the correctness of your present position. *I'll remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction including this one and ignore others. They are all equally important.*
> I will also remind you that you are never to reveal to any person, not even the Court, how the jury stands numerically or otherwise on any count or finding until after you have reached a unanimous verdict.

(Trial Tr. Day 13 at 14–15, May 17, 2018, Doc. 257 (emphasis added).) Moreover, this was done without objection from Defendant Liu (Trial Tr. Day 13 at 11, May 17, 2018, Doc. 257.)

Considering *Nguyen* and the record, there is no substantial question in this case. *Nguyen* shows that this issue is not "novel", undecided by controlling precedent", or "fairly doubtful". *Calmes*, 2013 WL 12092235, at *3. Moreover, *Nguyen* further demonstrates that this issue is not "a close question that could be decided the other way" or one that has "a substantial doubt (not

merely a fair doubt) as to the outcome of its resolution." *Id.* According, Defendant's motion must be denied.

**5. Sentencing Issue**

Defendant lastly asserts that she has objected to the "loss" attributable to her as part of her guideline calculation. According to Defendant, "If she is correct in this objection, it will place the 'correct sentencing range' well within the expected duration of this appeal. This, in and of itself, makes bail pending the appeal appropriate." (Doc. 239-1 at 11.)

The Government responds by noting that Defendant Liu received a "substantial variant sentence of 16 months" (from a guideline range of 41 to 51 months). The Government states: "Without citing case law or specifically arguing why the denial of her amount of objection was in error, the defendant argues that a more lenient sentence (12 to 14 months) justifies bail pending appeal." (Doc. 258 at 7.) The Government maintains that this is without merit.

In short, the Court agrees with the Government. The Defendant has not shown that this fact alone warrants the relief she seeks.

**6. Summary**

In sum, of the four issues raised by Defendant Liu, the Court finds that three of them are not substantial questions under § 3143(b). Further, without reaching the issue of the fourth (Chris Ho's alleged hearsay), the Court finds that, even if this were a substantial question, Defendant has failed to show that this substantial question, if decided favorably to her, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment, considering the relevant standard of review. Consequently, Defendant's motion will be denied.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that *Kelly Liu's Opposed Motion for Bail Pending Appeal* (Doc. 239) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 28, 2019.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**